TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-02-00814-CR






David Yanes, Appellant


v.


The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT

NO. 3013154, HONORABLE FRANK W. BRYAN, JR., JUDGE PRESIDING





O P I N I O N




 Appellant David Yanes appeals his conviction for indecency with a child by exposure. 
See Tex. Pen. Code Ann. § 21.11 (West 2003). Yanes asserts that the indictment did not allege the
offense with sufficient certainty because it did not specifically name a child who was present when
appellant exposed himself. Yanes urges such specificity is required both to assure fair notice and
to prevent double jeopardy from subsequent prosecutions by other unnamed children who may have
been present. We affirm Yanes's conviction.


BACKGROUND


 On August 16, 2001, Yanes was seen by an adult witness, naked, save a shirt draped
over his chest, sitting in a car masturbating while watching several children who were gathered
around a snow cone stand. Upon seeing what Yanes was doing, the witness screamed. Startled,
Yanes fled the scene. The witness took note of Yanes's license plate number, and Yanes was later
apprehended by police.

 Yanes was charged for indecency with a child by exposure through an indictment that
alleged:


that DAVID YANES on or about the 16th day of August A.D. 2001, . . . did then and
there with a child younger than 17 years of age and not his spouse, knowingly and
intentionally expose his genitals, with the intent to arouse and gratify the sexual
desire of the said DAVID YANES, knowing said child was present . . . .



Yanes filed a motion to quash, asserting that the indictment was fatally defective because it did not
specifically name a child who was present. The district court overruled Yanes's motion. Yanes then
agreed to a negotiated plea of guilty to the offense of indecency with a child by exposure, enhanced
by one prior felony conviction. Yanes was sentenced to twenty years in prison. He now appeals
asserting that the district court erred by overruling his motion to quash the indictment.


DISCUSSION


Standard of review

 The adequacy of an indictment is a question of law; therefore, the district court's
ruling is subject to de novo review. See State v. Hoffman, 999 S.W.2d 573, 574 (Tex. App.--Austin
1999, no pet.) (whether indictment alleged offense was question of law subject to de novo review); 
see also Johnson v. State, 954 S.W.2d 770, 771 (Tex. Crim. App. 1997) (purely legal questions
reviewed de novo).


Fair notice

 A motion to quash should be granted only where the language concerning the
defendant's conduct is so vague or indefinite as to deny the defendant effective notice of the acts he
allegedly committed. DeVaughn v. State, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988). In Adams v.
State, 707 S.W.2d 900, 903 (Tex. Crim. App. 1986), the court explained:


The important question is whether a defendant had notice adequate to prepare his
defense. The first step in answering this question is to decide whether the charging
instrument failed to convey some requisite item of "notice." If sufficient notice is
given, this ends our inquiry. If not, the next step is to decide whether, in the context
of the case, this had an impact on the defendant's ability to prepare a defense and,
finally, how great an impact.



See also Geter v. State, 779 S.W.2d 403, 407 (Tex. Crim. App. 1989). As a general rule, subject to
rare exceptions, an indictment is of legally sufficient specificity if it tracks the words of the statute
defining the offense. Lewis v. State, 659 S.W.2d 429, 431 (Tex. Crim. App. 1983). Yanes does not
dispute that the indictment here tracks the language of the statute defining the offense. (1) Instead,
Yanes relies on an exception to the general rule, arguing that the indictment was fatally flawed
because it did not include each essential element of the crime with which he was charged.

 Yanes was charged with indecency with a child by exposure, which consists of the
following elements: (1) that the child was within the protected age group [younger than seventeen]
and not married to the accused, (2) that a child was present, (3) that the accused had the intent to
arouse or gratify someone's sexual desire, (4) that the accused knew that a child was present, and
(5) that the accused exposed his anus or genitals. Tex. Penal Code Ann. § 21.11(a)(2) (West 2003);
see also Uribe v. State, 7 S.W.3d 294, 297 (Tex. App.--Austin 1999, pet. ref'd).

 Yanes argues that the element relating to the presence of a child requires proof of the
identity of a specific child victim. The indictment did not name a specific child victim, but stated
only that a child was present. Yanes contends this omission renders the indictment fatally deficient. 
Yanes relies on several Texas Court of Criminal Appeals decisions that have held indictments
fundamentally defective for omitting the name of the victim. See Munoz v. State, 657 S.W.2d 105,
107 (Tex. Crim. App. 1983) (indictment held fundamentally defective because it did not allege
owner or provider of services taken); Silguero v. State, 608 S.W.3d 619, 620 (Tex. Crim. App. 1980)
(indictment held fundamentally defective because it failed to allege name of victim of attempted
aggravated rape); Ex parte Lewis, 544 S.W.2d 430, 431 (Tex. Crim. App. 1976) (indictment held
fundamentally defective because it failed to allege name of victim of aggravated assault with deadly
weapon).

 The State distinguishes Yanes's cases as involving victim-centered crimes, like
assault or rape, where the gravamen of the offense is the harm to the victim. It contrasts the offense
of indecency with a child by exposure, which instead is concerned with the mental state and conduct
of the perpetrator. As this Court has previously observed, the State is not required to prove that the
victim of indecency with a child by exposure was aware of the perpetrator's acts. See Uribe, 7
S.W.3d at 297. 

 The State also analogizes the offense of indecency with a child by exposure to the 
offense of indecent exposure. The elements of indecent exposure are the same as indecency with
a child by exposure except that indecency with a child by exposure requires that a child under the
age of seventeen be present, whereas indecent exposure requires only that a person of any age be
present. Compare Tex. Pen. Code Ann. § 21.08 (West 2003), with Tex. Pen. Code Ann.
§ 21.11(a)(2). (2) The court of criminal appeals has held that a specific victim need not be named in
an indictment for indecent exposure. See Wallace v. State, 550 S.W.2d 89, 91 (Tex. Crim. App.
1977). The State suggests that indecency with a child by exposure is merely an aggravated version
of indecent exposure and that the analysis for sufficiency of the indictment should, therefore, be the
same. Yanes counters that the legislature intended to make indecency with a child by exposure a
victim-centered crime, pointing out that it added what Yanes characterizes as an additional element
that a child be present and included the offense within the section of the penal code that deals with
sexual crimes against children. 

 We agree with the State. Indecency with a child by exposure is not a victim-centered
offense analogous to aggravated rape, or indecency with a child by contact, because indecency with
a child by exposure centers on the mental state and actions of the perpetrator and not on the harm
done to the victim. The State's comparison to the offense of indecent exposure is an apt one; in fact,
the Texas Court of Criminal Appeals has held that the offense of indecent exposure is a lesser
included offense of indecency with a child by exposure. See Brienco v. State, 580 S.W.2d 842, 842-44 (Tex. Crim. App. 1979). It is not necessary to name a specific victim on an indecent exposure
indictment, in part because it is not a victim-centered offense; the witness of the exposure need not
be offended by the display for the perpetrator to be guilty. State v. York, 31 S.W.3d 798, 802-803
(Tex. App.--Dallas 2002, pet. ref'd). We see no basis for treating the offense of indecency with a
child by exposure any differently.

 Yanes urges that the failure to specify an alleged child victim impedes his ability to
defend against the indecency with a child accusation on the basis that the victim in reality was over
seventeen years of age. Although the indictment does not specify the name of a child against whom
Yanes might target an age-based defense, we do not find that the omission deprived him of "notice
adequate to prepare his defense." Adams, 707 S.W.2d at 903. A defendant in an indecent exposure
case similarly has to defend against the allegation that an unidentified victim was present. 

 Finally, we note that when indecency with a child by exposure occurs, the perpetrator
ordinarily flees the scene upon discovery, as might any children who witnessed the episode, and
children who may have been unaware of the episode may disperse without knowledge that a crime
has been committed. We doubt that the legislature intended to preclude prosecution, even when
adult witnesses could establish the defendant's guilt, merely because no one managed to identify the
children before they dispersed. We also doubt that the legislature intended to require the State to
inform unwitting children of a perpetrator's acts, as seemingly would be necessary to obtain their
names, in order to prosecute an offense that does not require that the children were aware of those
acts.


Double jeopardy

 Yanes also asserts that the omission of a named child victim from the indictment
leaves him vulnerable to double jeopardy. Yanes points to dicta from one of our sister courts
suggesting that indecency with a child by exposure and indecent exposure are victim-specific
offenses and that a perpetrator who exposed himself to a group of people could be charged with as
many counts of the offense as there were people present. See Bagget v. State, 860 S.W.2d 207, 209
(Tex. App.--Houston [1st Dist.] 1993, no pet.). In Bagget, the defendant exposed himself to two
children and two adults. Id. The court stated in dicta: 


The State would have been justified in indicting, prosecuting, and punishing him for
four acts of indecent exposure or two acts of indecent exposure and two acts of
indecency with a child. The essence of this multiple prosecution is that each offense
required proof of a fact that the others did not: the identity of the victim.



Id. at 209. 

 The Houston court asserts that the identity of the victim serves as an element of
required proof that would allow multiple prosecutions for the one act of exposure. We respectfully
disagree. As discussed previously, indecency with a child by exposure is not a victim-centered
offense; again, the child need not even see the exposure for the offense to occur. The act of exposure
itself is the gravamen of the crime. (3) We agree with the State and hold that only one crime results
regardless of how many children are present to the exposure. Because only one count of indecency
with a child by exposure was, or could have been, charged in Yanes's case, we see no possibility of
double jeopardy arising from the fact that a specific victim was not named in the indictment. We
overrule Yanes's issue.

CONCLUSION


 We affirm the district court's judgment overruling Yanes's motion to quash. The
judgment of conviction is affirmed.



 __________________________________________ 

 Bob Pemberton, Justice

Before Justices Kidd, B. A. Smith and Pemberton

Affirmed

Filed: May 20, 2004

Publish

1. The statute provides: "A person commits an offense if, with a child younger than 17 years
and not the person's spouse, whether the child is of the same or opposite sex, the person: with the
intent to arouse or gratify the sexual desire of any person: exposes the person's anus or any part of
the person's genitals, knowing the child is present . . . ." Tex. Pen. Code Ann. § 21.11(a)(2)(1)
(West 2003).
2. The offense of indecent exposure consists of the following elements: (1) a person (2)
exposes his anus or any part of his genitals (3) with intent to arouse or gratify the sexual desire of
any person, and (4) he is reckless about whether another person is present who will be offended or
alarmed by his act. See Tex. Pen. Code Ann. § 21.08 (West 2003).
3. We note that at least one case that we have previously decided began with two charges of
indecency with a child by exposure based on two children being present to the exposure. One of the
charges was dropped due to some irregularity as to the identity of the second victim. The issue of
how many charges were appropriate for the one act of exposure was not before us at that time. See
Uribe v. State, 7 S.W.3d 294, 295 (Tex. App.--Austin 1999, pet. ref'd).