Opinion issued March 30, 2006













     





In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00167-CR




PHILIP MUNGIN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Court at Law No. 13
Harris County, Texas
Trial Court Cause No. 1263047




O P I N I O N
          Appellant, Philip Mungin, pleaded nolo contendere to the misdemeanor offense
of aggregate theft of more than $50.00 and less than $500.00. The trial court
accepted the plea and assessed punishment at four days’ confinement in the Harris
County Jail. In his sole issue, appellant contends the trial court erred by denying
appellant’s motion to quash the information because it fails to (1) charge a penal
offense in plain and intelligible words, (2) charge a penal offense under Texas law,
and (3) allege the specific intent necessary for theft.
          We affirm.
STANDARD OF REVIEW
          The adequacy of an indictment is a question of law. State v. Moff, 154 S.W.3d
599, 601 (Tex. Crim. App. 2004). Because this question of law does not turn on the 
evaluation of the credibility and demeanor of a witness, the trial court is not in a
better position to make this determination, so we will conduct a de novo review of the
issue. Id. (stating that appellate courts should conduct a de novo review when
reviewing a trial court’s decision to quash an indictment); Yanes v. State, 149 S.W.3d
708, 709 (Tex. App.—Austin 2004, pet. ref’d).
DISCUSSIONIn his sole issue, appellant complains that the information does not sufficiently
state what “scheme or continuing course of conduct” appellant allegedly committed,
and thus, he was unable to prepare a proper defense. The information alleges that
appellant
on or about January 6, 2004 continuing through February 11, 2004, did
then and there unlawfully pursuant to one scheme and continuing course
of conduct, appropriate, by acquiring and otherwise exercising control
over property, namely, cash money, owned by Susan Moore-Fontenot,
hereafter styled the Complainant, with the intent to deprive the
Complainant of the property and the total value of the property
appropriated was over fifty dollars and under five hundred dollars.

(Emphasis omitted.)
          A motion to quash should be granted only where the language concerning the
defendant’s conduct is so vague or indefinite as to deny the defendant notice of the
acts he allegedly committed. Id. (citing DeVaughn v. State, 749 S.W.2d 62, 67 (Tex.
Crim. App. 1988)). Ordinarily, an indictment is of legally sufficient specificity if it
tracks the words of the statute defining the offense. Moff, 154 S.W.3d at 602.
          Section 31.09 of the Texas Penal Code provides that “[w]hen amounts are
obtained in violation of this chapter pursuant to one scheme or continuing course of
conduct, whether from the same or several sources, the conduct may be considered
as one offense and the amounts aggregated in determining the grade of the offense.” 
Tex. Pen. Code Ann. § 31.09 (Vernon 2003).
          In Kellar v. State, the Court of Criminal Appeals addressed the very issue at
hand. 108 S.W.3d 311 (Tex. Crim. App. 2003). The court addressed whether, in an
aggregated theft case, each separate theft must be specifically alleged in the charging
instrument. Id. at 312. The court stated
[i]n a case of aggregated theft under 31.09, the indictment must allege
the ‘continuing course of conduct’ element, but there is no pleading
requirement that it include the specific acts of theft that are aggregated. 
Here, the indictment, by its language ‘pursuant to one scheme and
continuing course of conduct,’ satisfied the requirements of section
31.09.

Id. at 313. This language controls the present case. Here, the information’s
allegations that the thefts were committed pursuant to “one scheme and continuing
course of conduct” satisfied the requirements of section 31.09 because it sufficiently
tracked the language of section 31.09. See id. We conclude the information provided
appellant with effective notice to properly prepare a defense and overrule appellant’s
first ground of error. Moff, 154 S.W.3d at 602. We further note that the information
tracks the language of section 31.09 and thus charges a penal offense under Texas
law. Accordingly, we need not address appellant’s second argument that the
information fails to charge a penal offense under Texas law. 
          In regard to his contention that the information is defective because it fails to
allege the specific intent necessary for theft, we note that appellant did not object to
this defect at trial. Because this contention may not be raised for the first time on
appeal, we will not address this argument. Article 1.14(b) of the Texas Code of
Criminal Procedure specifically provides that if a defendant does not object to
defects, errors, or irregularities of form or substance in an information before trial
commences, he waives and forfeits the right to raise such an objection or complaint
on appeal. Tex. Code Crim. Proc. Ann art. 1.14(b) (Vernon 2005). We overrule
appellant’s third ground of error.
          Accordingly, we affirm the judgment of the trial court.
 
 

                                                             Laura Carter Higley
                                                             Justice
 
Panel consists of Justices Jennings, Alcala and Higley.
Publish. Tex. R. App. P. 47.2(b).