

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1072-09

### Ex parte MANUEL AMADOR, Appellant

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE EIGHTH COURT OF APPEALS
### EL PASO COUNTY

KELLER, P.J., filed a dissenting opinion in which KEASLER, and HERVEY, JJ., joined.

Appellant allegedly exposed himself in a public park while two children and at least one adult were present. He has been convicted of indecent exposure. The issue in this case is whether double jeopardy principles bar a subsequent prosecution for two counts of indecency with a child by exposure. I would hold that two counts of indecency with a child by exposure can be based upon a single exposure if there are two child victims. I would also hold that an indecent-exposure charge can be based upon the same exposure that gave rise to indecency-with-a-child counts so long as the defendant was reckless with respect to the presence of at least one person other than the child victims. That is what happened in this case. I would, therefore, affirm the judgment of the court of

appeals.

## A. General Double Jeopardy Principles

Addressing appellant's complaint requires an understanding of the two ways in which offenses can be the same or different under Double Jeopardy law when two statutes are involved: (1) by elements, and (2) by units.[1] For a Double Jeopardy violation to occur, the offenses at issue must be the "same" in both respects.[2]

An "elements" inquiry is limited to the law and the charging instrument.[3] In determining whether offenses are the same under such an inquiry, we begin with the *Blockburger* test: "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."[4] If the offenses have the same elements under *Blockburger*, then they cannot be the subject of successive prosecutions.[5] If the offenses have

---

[1] *Ex parte Hawkins*, 6 S.W.3d 554, 557 n.8 (Tex. Crim. App. 1999) (discussing legal elements versus units of prosecution).

[2] *Id.* (quoting Akhil Reed Amar, *Double Jeopardy Law Made Simple*, 106 Yale L.J. 1807, 1817-18 (1997) ("an offense must not only be the same in law—it must also be the same in fact")).

[3] *Bigon v. State*, 252 S.W.3d 360, 370 (Tex. Crim. App. 2008); *Hall v. State*, 225 S.W.3d 524, 532-33 (Tex. Crim. App. 2007).

[4] *Blockburger v. United States,* 284 U.S. 299, 304 (1932).

[5] *State v. Perez*, 947 S.W.2d 268, 270 n.3 (Tex. Crim. App. 1997) (citing finality concern present in successive-prosecution context). If the offenses are the subject of a single prosecution, then the *Blockburger* test merely creates a presumption that the legislature did not intend multiple punishments that can be rebutted by a clear legislative expression of intent to the contrary. *Id.* (citing *Missouri v. Hunter*, 459 U.S. 359 (1983)); *Littrell v. State*, 271 S.W.3d 273, 276 (Tex. Crim. App. 2008); *Hunter*, 459 U.S. at 366 ("With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater

different elements under *Blockburger*, the offenses are presumed to be different, but that presumption can be rebutted if other factors reveal that the Legislature nevertheless intended the offenses to be treated as the same.[6] The *Ervin* analysis is part of the "elements" aspect of Double Jeopardy law.[7] The allowable unit of prosecution prescribed for the offenses in question is a relevant consideration in the abstract under an *Ervin* analysis,[8] to determine whether, under the law and the charging instrument, the offenses are considered to be the same elementally.

But a "units" (or "allowable unit of prosecution") inquiry is itself a separate inquiry, designed to determine whether a single legally-proscribed offense has been commited more than once.[9] A

---

punishment than the legislature intended."). *But see State v. Flenoy*, 968 S.W.2d 141, 143-45 (Mo. 1998) (applying *Hunter* in a successive-prosecution case, in part relying upon Justice Scalia's statement in *United States v. Dixon*, 509 U.S. 688, 704 (1993) that, "It is embarrassing to assert that the single term 'same offence' (the words of the Fifth Amendment at issue here) has two different meanings—that what is the same offense is yet not the same offense.").

[6] *Gonzales v. State*, 304 S.W.3d 838, 845-46 (Tex. Crim. App. 2010) ("The traditional indicium of . . . legislative intent is the so-called 'same elements' test of *Blockburger*," but "even if a straightforward application of the *Blockburger* test would suggest that two offenses are not the 'same' for double jeopardy purposes," the offenses are nevertheless considered the same, "if other indicia manifest a legislative intent that an accused not be punished for both offenses") (citing *Ex parte Ervin*, 991 S.W.2d 804 (Tex. Crim. App. 1999)); *See also Ervin*, 991 S.W.2d at 804 ("[T]he *Blockburger* test cannot authorize two punishments where the legislature clearly intended only one.");

[7] *See Bigon*, 252 S.W.3d at 372 (under an *Ervin* analysis, looking at charging instrument allegations to determine the underlying felony in felony murder prosecution); *see also Hall*, 225 S.W.3d at 533 n.39 (recognizing that *Hunter* involved a cognate pleadings analysis); *Ervin*, 991 S.W.2d at 807 (recognizing "the inverse conclusion" from *Hunter*).

[8] *Bigon*, 252 S.W.3d at 371-72.

[9] *See Sanabria v. United States*, 437 U.S. 54, 69-70, 69 n.24 (1978); *Saenz v. State*, 166 S.W.3d 270, 272-74 (Tex. Crim. App. 2005).

units inquiry can also be divided into two parts: (1) what the unit is,[10] and (2) whether the requisite number of units has been shown.[11] A units inquiry can involve determining such things as whether there were two murder victims, whether a victim who was assaulted on Monday was assaulted again on Tuesday, or whether multiple kinds of sex acts were committed against a victim. Evidence at trial can be considered in determining whether the requisite number of units has been shown.[12] A units inquiry might more commonly arise when a single statute is involved[13] and a court is trying to discern how to divide conduct (e.g., a sexual assault with multiple manners and means) into units.[14]

---

[10] *See e.g. Vick v. State*, 991 S.W.2d 830, 832-34 (Tex. Crim. App. 1999) (penetration of anus and sexual organ different units in aggravated sexual assault); *Hawkins*, 6 S.W.3d at 556 (different victims are different units in a robbery); *Ex parte Cavazos*, 203 S.W.3d 333, 335-37 (Tex. Crim. App. 2006) (entry is the allowable unit in a burglary).

[11] *Blockburger*, 284 U.S. at 303 (second drug sale was a separate offense because it "was not the result of the original impulse, but of a fresh one"); *Ex parte Goodbread*, 967 S.W.2d 859, 860-61 (Tex. Crim. App. 1998) (can have multiple prosecutions for different incidents of the same type of sexual assault).

[12] *Blockburger*, 284 U.S. at 303; *Goodbread*, 967 S.W.2d at 860 ("For Double Jeopardy purposes, the same offense means the identical criminal act, not the same offense by name . . . . when one cannot determine from the State's pleadings whether the offenses prosecuted are the same, the court must look to the proof offered at trial.") (Citing and quoting favorably from *Luna v. State*, 493 S.W.2d 854 (Tex. Crim. App. 1973)); *id.* at 861 (We look to evidence at trial to determine what instances of conduct conforming to the indictment are jeopardy-barred.); *see also Quintano v. People*, 105 P.3d 585, 592, 595 (Colo. 2005) ("[W]hile we do not adopt any specific list of factors to determine whether the defendant's acts constitute factually distinct offenses, we look to all the evidence introduced at trial to determine whether the evidence on which the jury relied for conviction was sufficient to support distinct and separate offenses.").

[13] *See Bigon*, 252 S.W.3d at 371-72 ("Usually, analysis of an allowable unit of prosecution involves a situation in which two offenses from the same statutory section are charged.").

[14] *See Vick*, 991 S.W.2d at 833 (examining the language of the sexual assault statute to determine whether the legislature intended to "separately and distinctly criminalize any act which constitutes the proscribed conduct"); *see also id.* at 833 n.1 (noting that application of *Blockburger* would yield the same result).

Parsing a single statute "is unlike a situation involving different statutes, which, by itself, is some indication of legislative intent to authorize multiple prosecutions simply because the offenses are separately defined in different statutes."[15]  So, while a determination that the elements are different under the *Blockburger* test sets up a presumption in a multiple-statute elements inquiry, no such presumption is created in a single-statute units inquiry.[16]  Nevertheless, if offenses under different statutes are the "same" elementally, a units analysis would be appropriate if, for example, the pleadings or the evidence indicates that there are different victims.[17]  Of course, if it is unclear how an elements question should be resolved, and if it is clear that different units of prosecution were involved, then a court could choose simply to address the units issue.

### B. Units of Prosecution

In this case, I think it is helpful to determine first the allowable units of prosecution for the offenses of indecent exposure and indecency with a child by exposure.

### 1. *Unit of Prosecution Principles*

An inquiry into a particular statute's allowable unit of prosecution is purely one of statutory construction.[18]  In construing a statute, we look first to its literal text.[19]  When examining the literal

---

[15]  *Id.* at 832.

[16]  *See Vineyard v. State*, 958 S.W.2d 834, 836 n.5 (Tex. Crim. App. 1998) ("We also note this Court has stated the *Blockburger* test is not 'precisely applicable' to cases like this where a defendant's conduct violates one statutory provision more than once.").

[17]  *See Hawkins*, 6 S.W.3d at 557 n.8.

[18]  *Jones v. State*, 2010 Tex. Crim. App. LEXIS 1208, at 5 (September 29).  This is true even in the successive prosecution context.  *Sanabria*, 437 U.S. at 69-70 ("But once Congress has defined a statutory offense by its prescription of the 'allowable unit of prosecution,' [citations omitted], that prescription determines the scope of protection afforded by a prior conviction or acquittal. Whether

text, "we read words and phrases in context and construe them according to the rules of grammar and usage."[20] If the statutory language is ambiguous, or leads to absurd results that the Legislature could not possibly have intended, then we may consult extra-textual sources of information.[21] In this process, we consider any prior judicial construction of the statute.[22] Absent an explicit statement that "the allowable unit of prosecution shall be such-and-such," the best indicator of legislative intent with respect to the unit of prosecution seems to be the focus or "gravamen" of the offense.[23]

### 2. Indecent Exposure

The offense of indecent exposure provides:

> A person commits an offense if he exposes his anus or any part of his genitals with intent to arouse or gratify the sexual desire of any person, and he is reckless about whether another is present who will be offended or alarmed by his act.[24]

In *Wallace v. State*, we held that "to whom the exposure is directed is not an essential

---

a particular course of conduct involves one or more distinct 'offenses' under the statute depends on this congressional choice"); *Hawkins*, 6 S.W.3d at 556-57 (quoting and discussing *Sanabria*), 561 (overruling the "holding of *Crosby*, that the Double Jeopardy Clause is violated by multiple prosecutions for robbery when multiple assaults are committed in the course of only one theft").

[19] *Jones*, 2010 Tex. Crim. App. LEXIS 1208, at 7; *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).

[20] *Jones*, 2010 Tex. Crim. App. LEXIS 1208, at 7.

[21] *Id.*

[22] *Id.*

[23] *Id.* at 8.

[24] T EX. PENAL CODE §21.08(a).

element of the offense of indecent exposure."[25] We found it to be the "better practice" to plead "where applicable," that the accused exposed himself "to a specified person or persons," but the failure to so allege did not render a charging instrument "fundamentally defective."[26] This holding, made at a time when the failure to name a complaining witness was considered a fundamental defect,[27] leads to the inescapable conclusion that the offense of indecent exposure has no "complaining witness" or victim that would define a unit of prosecution for the offense.

The holding in *Wallace* is consistent with the language of the statute. The presence of another is a circumstance surrounding the conduct of exposure. The indecent exposure statute requires a finding that the defendant was "reckless" with respect to this circumstance. Under the Penal Code, a person is "reckless" with respect to circumstances surrounding his conduct "when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist."[28] The definition of "reckless" does not itself say that the circumstances actually exist. The wording of the indecent exposure statute—that a defendant be "reckless about *whether* another is present"—indicates that the circumstance of another's presence does not have to exist. Had the statute said that the defendant was "reckless about the presence of another," one could more readily maintain that the statute required both the presence of another and the defendant's recklessness as

---

[25] *Wallace v. State*, 550 S.W.2d 89, 91 (Tex. Crim. App. 1977).

[26] *Id.*

[27] *See Ex parte Lewis*, 544 S.W.2d 430, 431 (Tex. Crim. App. 1976); *see also Fisher v. State*, 887 S.W.2d 49, 55 n.8 (Tex. Crim. App. 1994) (citing *Lewis* for the proposition that the absence of the victim's name rendered a charging instrument fundamentally defective prior to the 1985 constitutional amendment).

[28]T EX. PENAL CODE §6.03(c) (definition of "recklessly").

to that presence.

In addition, the use of "another" in connection with the phrase "about whether" suggests a possible rather than actual individual. "Another" means "a person other than the actor."[29] Literally incorporating this definition results in the statute reading that the defendant "is reckless about whether a person other than the actor is present."

So, if a defendant walked onto a public street and exposed himself, consciously disregarding a substantial and unjustifiable risk that another was present, but fortuitously, no other person happened to be present, the defendant would nevertheless be guilty of the crime of indecent exposure. Conversely, if the defendant exposed himself in a stadium full of people, he would still be guilty of only one offense of indecent exposure because the offense does not depend on the existence of a victim of the crime.

*Wallace* suggested it would be the "better practice" to include the name of someone who was present and offended, as was done in the case before us. Including the name of such an individual would help give the defendant notice of the particular crime in question, and as will be seen below, might also distinguish the offense of indecent exposure from indecency with a child. Here, the State alleged a particular adult as the offended individual in the indecent exposure prosecution—an individual different from the victims in the indecency-with-a-child allegations. But in an appropriate case a charging instrument could allege that a defendant was reckless as to the presence of an "unknown" person (or perhaps an "unknown adult.").

---

[29] *Id.*, § 1.07(5).

### 3. *Indecency with a Child by Exposure*

The wording of the provision proscribing indecency with a child by exposure is quite different. The relevant portion of that statute provides:

> A person commits an offense if, *with a child* younger than 17 years of age, whether the child is of the same or opposite sex, the person . . . with intent to arouse or gratify the sexual desire of any person . . . exposes the person's anus or any part of the person's genitals, knowing *the child* is present.[30]

The phrases "with a child" and "knowing the child is present" clearly spell out the statute's requirement that a child actually be present. Moreover, the statute specifies that the defendant be aware of the presence of "*the* child," not "a child" or "any child." This focus indicates that a particular child victim is contemplated, in turn indicating that the child victim defines the unit of prosecution.

This conclusion is consistent with the wording of the other provisions in the indecency-with-a-child statute. The statute sets out the following methods of committing indecency with a child, including the exposure offense already quoted above:

> A person commits an offense if, with a child younger than 17 years of age, whether the child is of the same or opposite sex, the person:
>
> (1) engages in sexual contact with the child or causes the child to engage in sexual contact;  or
>
> (2) with intent to arouse or gratify the sexual desire of any person:
>
> (A) exposes the person's anus or any part of the person's genitals, knowing the child is present;  or

---

[30] TEX. PENAL CODE §21.11(a)(2)(A) (emphasis added).

(B) causes the child to expose the child's anus or any part of the child's genitals.[31]

The "sexual contact" offense found in § 21.11(a)(1) clearly contemplates that a particular child is the victim of sexual contact, and the other method of committing indecency with a child by exposure, found in §21.11(a)(2)(B), contemplates that the defendant causes a particular child to be exposed. Sandwiched between these two provisions, and sharing some of the language of each, is the indecency-with-a-child-by-exposure offense at issue in the present case. It would be anomalous to find that the statute prescribes different units of prosecution for the different methods of committing indecency with a child, when the different methods are so tightly woven together in the language of the statute. Further, if the Legislature had wanted to prescribe the same unit of prosecution for indecency with a child by exposure as it had for indecent exposure, it could have simply added a subsection to the indecent exposure statute to increase the penalty if the actor knew that a child was present. Consequently, I would hold that the unit of prosecution for indecency with a child by exposure is each child, each exposure[32]—meaning the State can seek two convictions for a single exposure when there are two child victims.[33]

---

[31]T EX. PENAL CODE §21.11(a).

[32] I characterize the unit of prosecution as "each child, each exposure" because separate exposures would also be separate offenses. If a defendant exposed himself to two children on Monday, and then exposed himself to those two children again on Tuesday, he would have committed four offenses.

[33] Judge Cochran contends that the unit of prosecution for indecency with a child by exposure is simply each exposure. In support of this contention, she cites *Wallace* and three court of appeals opinions: *York v. State*, 31 S.W.3d 798 (Tex. App.– Dallas 2000, pet. ref'd); *Metts v. State*, 22 S.W.3d 544 (Tex. App.–Fort Worth 2000, pet. ref'd); and *Uribe v. State*, 7 S.W.3d 294 (Tex. App.–Austin 1999, pet. ref'd). *Wallace* is about indecent exposure, not indecency with a child by exposure, and therefore does not support her claim. As explained above, there are very real differences between the two offenses that dictate measuring the unit of prosecution differently. *York*

### 4. *Different Measuring Sticks*

We are faced, then, with the fact that the two statutory offenses at issue—indecent exposure and indecency with a child—measure the allowable unit of prosecution differently. For indecent exposure, the allowable unit of prosecution is each exposure. For indecency with a child, the allowable unit is each child, each exposure. A double jeopardy analysis would be simpler if the allowable unit of prosecution for the two statutory offenses were the same.[34] If the allowable unit of prosecution under both statutes were each exposure, then a single exposure would be a single unit and the only remaining question would be whether the offenses are the same under an elements

---

and *Metts* are also indecent-exposure cases, and thus do not support her claim (*Metts* does rely upon indecency-with-a-child decisions (including *Uribe*), *See Metts*, 22 S.W.3d at 547, and to that extent, my comments below apply).

 *Uribe* held that a defendant can be guilty of indecency with a child, if he exposes himself while the child is present, even if the child does not actually see the defendant's genitals. *Uribe*, 7 S.W.3d at 297. Even if that holding is correct, it does not mean that the unit of prosecution for indecency with a child by exposure is simply each exposure. Whether or not the child has to see the defendant's genitals, the child must still be present, and it is the focus on the child's actual presence that defines the unit of prosecution for the offense of indecency with a child. Indecent exposure, by contrast, does not require the actual presence of any individual. *Uribe* had no occasion to address whether a single exposure could result in multiple convictions based upon the presence of multiple children because the conviction at issue in that case was based upon only one child victim. *Uribe*, 7 S.W.3d at 295-96.

 Moreover, *Uribe* is simply a court of appeals decision—it is not binding on us and should not trump an analysis of the language of the indecency-with-a-child statute. As explained above, an analysis of the statute clearly shows that the indecency-with-a-child-by-exposure offense is victim-centered. Judge Cochran makes no attempt whatsoever to analyze the language of the statute.

[34] At least two courts of appeals have concluded that the unit of prosecution for indecent exposure and indecency with a child by exposure is the same, but with opposite results. In *Yanes v. State*, the Third Court of Appeals held that the unit of prosecution for both offenses was each exposure. 149 S.W.3d 708, 710-12 (Tex. App.–Austin 2004). In *Baggett v. State*, the First Court of Appeals concluded that the unit of prosecution for both offenses was the victim. 860 S.W.2d 207, 209 (Tex. App.–Houston [1st Dist.] 1993).

analysis. Conversely, if the allowable unit of prosecution under both statutes were each victim, then three victims (one adult, two children) would mean three units of prosecution, and there would be no need to conduct an elements analysis.

Instead, the statutes prescribe allowable units of prosecution that sometimes coincide perfectly, sometimes coincide imperfectly, or sometimes merely overlap. An example of the first situation would be a defendant who exposes himself to one child in the privacy of his own home without being reckless about any other person being present. The one unit of prosecution for indecency with a child in that case would coincide perfectly with the one unit of prosecution for indecent exposure. On the other hand, if a defendant exposed himself to two children in the privacy of his own home, with no recklessness as to the presence of any other person, the units of prosecution would coincide, but they would do so in an imperfect manner. The one unit of prosecution for the indecent exposure would encompass two children (even though only one of the children would be necessary to establish the indecent exposure) who could generate two units of prosecution for indecency with a child. The present case presents the third type of situation, in which the units merely overlap: exposure to two children and recklessness as to the presence of at least one other person (e.g. an adult). In that situation, the indecent-exposure offense encompasses (at least) three persons, only two of whom can serve as the basis for indecency-with-a-child offenses, with neither of those two actually being needed for the indecent-exposure offense.

### C. Elements

#### 1. *Comparison of the Offenses*

A comparison of the statutes reveals the following elements:

| Indecency with a Child by Exposure | Indecent Exposure |
|---|---|
| exposes anus or genitals | exposes anus or genitals |
| with intent to arouse or gratify sexual desire | with intent to arouse or gratify sexual desire |
| with a child (under 17 and not spouse) | |
| knowing: | reckless: |
| a. the child is present | a. about whether another is present |
| | b. who will be offended or alarmed |

Indecency with a child by exposure requires proof of at least three elements not required for indecent exposure: (1) that a person other than the defendant actually be present, (2) that this other person be a child, and (3) that the defendant have the culpable mental state of knowledge with respect to the presence of this other person. Indecent exposure requires proof of one element not required for indecency with a child by exposure: that the defendant have a culpable mental state with respect to the presence of a person "who will be offended or alarmed" by the defendant's exposure. The extra element for indecent exposure is purely one of mental culpability: there is no requirement that a person who is offended or alarmed actually be present. Nevertheless, it is a difference, similar to the difference between the elements of recklessness and intoxication, which we found in *Ervin* to be different under a strict application of the *Blockburger* test.[35]

## 2. *Briceno*

In *Briceno v. State*, this Court held that indecent exposure was a lesser-included offense of indecency with a child by exposure for the purpose of determining whether a defendant was entitled

---

[35] *See Ervin*, 991 S.W.2d at 806 (intoxication manslaughter and manslaughter not the "same" under a "strict application" of *Blockburger*).

to a lesser-included-offense jury instruction.[36]  The Court held that the elements of the two offenses were "identical, except that indecency with a child requires the defendant to *know* that a *child* is present, where indecent exposure requires that the defendant is *reckless* as to the presence of another person."[37]  Consequently, the Court found that indecent exposure was a lesser-included offense of indecency with a child under Article 37.09(1) on the basis of its fewer elements.[38]  However, the Court failed to address the indecent exposure statute's requirement that the defendant's recklessness extend not merely to the presence of another person, but to the presence of another person "who will be offended or alarmed."

In *Evans v. State*, we held that indecency with a child by sexual contact was a lesser-included offense of aggravated sexual assault of a child even though the indecency offense contained what might appear to be an extra element—intent to arouse or gratify sexual desire.[39]  Relying upon my concurrence in *Ochoa v. State*,[40] the Court found that "intent to arouse or gratify sexual desire" was not an extra element because it was already part of the definition of "sexual contact," and sexual contact was a form of touching subsumed within the "penetration" required to prove aggravated

---

[36]  580 S.W.2d 842 (Tex. Crim. App. 1979).

[37]  *Id.* at 844 (emphasis in original).

[38]  *Id.*; *see also* TEX. CODE CRIM. PROC. art. 37.09(1) ("An offense is a lesser included offense if . . . it is established by proof of the same or less than all the facts required to establish the commission of the offense charged.").

[39]  299 S.W.3d 138 (Tex. Crim. App. 2009).

[40]  982 S.W.2d 904, 909-11 (Tex. Crim. App. 1998) (Keller, J., concurring).

sexual assault.[41] But, unlike the statutory language in *Evans*, the phrase "who will be offended or alarmed" is part of the main text of the indecent exposure offense, not part of a definition.

### 3. *Less Serious Culpable Mental State*

That does not mean that the *Briceno* court was necessarily wrong in its conclusion that the defendant in that case was entitled to a jury instruction on the offense of indecent exposure. Article 37.09(1) essentially prescribes *Blockburger*'s "same elements" test, but article 37.09 includes other methods for determining whether an offense is considered lesser-included, one of which is applicable here. Article 37.09(3) provides that an offense is lesser-included if "it differs from the offense charged only in the respect that a less serious culpable mental state suffices to establish its commission."[42] As explained above, the "extra" element of indecent exposure—"who will be offended or alarmed"—is part of the culpable mental state; a person who is offended or alarmed need not actually be present.

The next question is whether recklessness as to "who will be offended or alarmed" is a "less serious" culpable mental state than the indecency-with-a-child offense's culpable mental state of "knowing the child is present." Both statutes require more than having a culpable mental state with respect to the presence of "a person." The "person" in the indecent exposure statute can be possible rather than actual, and this possible person must be someone "who will be offended or alarmed." For indecency with a child, the "person" must be an actual person who is a child.[43]

---

[41] *Evans*, 299 S.W.3d at 141-43.

[42] Tᴇx. Cᴏᴅᴇ Cʀɪᴍ. Pʀᴏᴄ. art. 37.09(3).

[43] The indecency-with-a-child-by-exposure defendant does not have to be aware that the person is a child. *Roof v. State*, 665 S.W.2d 490, 491-92 (Tex. Crim. App. 1984) (concluding that

The maxim that children "do not have the legal ability to consent in most situations,"[44] suggests in this context that a child cannot consent to an exposure, which in turn suggests that the characteristic of "will be offended or alarmed" is imputed to the child. Moreover, a defendant who knows a child is present might not be reckless about whether that child would be offended or alarmed because the defendant knows the child is not in fact offended or alarmed. But it is hard to imagine a situation in which a defendant would have the intent to arouse or gratify sexual desire, and be reckless about a child's presence, but not be reckless about whether the child would be offended or alarmed.[45] Further, the government has a compelling interest in protecting the well-being of children, who are among the more innocent and vulnerable members of society.[46] It can at least be rationally argued that, all other things being equal, a culpable mental state with respect to an actual person who is a child is "more serious" than a culpable mental state with respect to the presence of a possible person who will be offended or alarmed. Given these considerations, and given a prior holding in *Briceno* that should not be overruled lightly, I would reaffirm that the offense of indecent exposure is included within the offense of indecency with a child by exposure for the purpose of obtaining a lesser-included offense jury instruction—though I would do so on the basis of Article 37.09(3) rather than Article 37.09(1).

---

the reference "in *Briceno* that the defendant must know a child is present is dictum.").

[44] *Alameda v. State*, 235 S.W.3d 218, 223 (Tex. Crim. App. 2007).

[45] *See Evans*, 299 S.W.3d at 142 ("[W]e cannot imagine how it would be even theoretically possible to commit this particular form of penetration [causing the victim's sexual organ to contact and penetrate the defendant's mouth] without an intent to arouse or gratify one's sexual desire.").

[46] *See Black v. State*, 26 S.W.3d 895, 897-98 (Tex. Crim. App. 2000).

But this holding with respect to lesser-included-offense jury instructions, while highly relevant to a Double Jeopardy elements analysis, is not dispositive of the Double Jeopardy claim before us. Here, we are concerned not only with the elements of the statutory offenses, but also with units of prosecution.[47] Even in the jury instruction context, an offense that is lesser-included by its elements may not be submitted if it comprises a different unit of prosecution than the offense

---

[47] Judge Cochran ignores the "unit of prosecution" aspect of the case when she sets up her "Q.E.D." statement. She claims first that we have held that "indecent exposure is a lesser-included offense of indecency with a child by exposure." But our holding (in *Briceno*) was based solely on the *elements* of the two statutory offenses, without accounting for potential *unit of prosecution* issues that might be posed by multiple victims. Judge Cochran next contends that "double jeopardy principles prohibit multiple punishments for both a greater and a lesser-included offense stemming from the same criminal act." That is a false statement if one looks only to the *elements* of the offenses, without considering the legislatively prescribed unit of prosecution. For example, if a defendant rams his car into another car that contains an adult and a child under age six, and by doing so intentionally kills the two occupants of that other car, the defendant has committed a capital murder of the child and a murder (at least) of the adult. Murder is, by its elements, a lesser-included offense of capital murder, and the defendant in that situation has engaged in only one act, but that defendant has nevertheless committed two offenses. Judge Cochran's citation of *Langs v. State*, 183 S.W.3d 680 (Tex. Crim. App. 2006) is unavailing if one looks at the full context of the statements she quotes from *Langs*. The two double-jeopardy situations addressed by *Langs* are as follows:

> (1) the lesser-included offense context, in which the same conduct is punished twice; once for the basic conduct, and a second time for that same conduct plus more (for example, *attempted assault of Y and assault of Y; assault of X and aggravated assault of X*); and

> (2) punishing the same criminal act twice under two distinct statutes when the legislature intended the conduct to be punished only once (for example, causing *a single death* by committing both intoxication manslaughter and involuntary manslaughter).

*Langs*, 183 S.W.3d at 685 (emphasis added). In both situations, *Langs* provided an example that explicitly assumed that the crime in question had only one victim. But the case before us deals with the situation in which there are multiple victims.

charged.[48]  Or, as explained in Article 37.09(3), the less serious culpable mental state must be the only way in which the lesser offense differs from the greater offense.  If the lesser offense also differs because the culpable mental state encompasses more people, then it does not satisfy Article 37.09(3).

### 4. *Elastic Nature of the Unit of Prosecution*

The complicating factor here is that the unit of prosecution in an indecent exposure offense is essentially elastic:  A person could be reckless as to multiple persons but need only be reckless as to one person to be guilty of indecent exposure.  The elastic nature of the indecent exposure offense makes the procedural posture of the case important.  To receive a lesser-included-offense jury instruction on indecent exposure, a defendant charged with indecency with a child could rely upon the fact that indecent exposure *can* be based solely upon the child victim alleged in connection with the charged offense.  But in a double jeopardy context, the State arguably could rely upon the fact that indecent exposure *need not* be based upon the child victim in the indecency-with-a-child count.

### 5. *Ervin analysis*

In *Ervin*, we set forth a nonexclusive list of factors to consider in determining whether offenses that are different under the *Blockburger* test should nevertheless be considered the same: (1) whether the provisions are contained in the same statutory section, (2) whether the offenses are phrased in the alternative, named similarly, or have common punishment ranges, (3) whether the offenses have a common focus or gravamen, (4) whether the common focus, if any, indicates a single

---

[48]  *Campbell v. State*, 149 S.W.3d 149, 155 (Tex. Crim. App. 2004) (smaller, but different drug stash) (In determining whether an offense must be submitted as lesser-included, "one must consider statutory elements *and* surrounding facts and circumstances to see if there are two distinct criminal acts.") (emphasis in original).

instance of conduct, (5) whether the elements could be considered the same under an imputed theory of liability (liberalized *Blockburger* standard), and (6) whether the legislative history sheds any light on the matter.[49]   Employing an *Ervin* analysis in *Bigon*, we held that felony murder, intoxication manslaughter, and manslaughter (all involving the same victim) were the "same" for Double Jeopardy purposes.[50]  We noted in *Bigon* that intoxication manslaughter used to appear in the same chapter as all of the homicide offenses and was framed as an alternative way to commit manslaughter.[51]  We explained that we had previously suggested in *Ervin* that the move to Chapter 49 was largely for housekeeping purposes.[52]   We also observed that intoxication manslaughter retained "manslaughter" in its title and was still considered a homicide offense.[53]   We further explained that intoxication manslaughter and murder both had the same focus on the death of an individual, the offenses were both result-oriented, the allowable unit of prosecution—one offense per victim—was the same, and that where the underlying felony for felony murder was a DWI,[54] "it is hard to fathom that the legislature intended for one drunk-driving accident to result in multiple homicide convictions for each victim."[55]

---

[49]  *Ervin*, 991 S.W.2d at 814.

[50]  252 S.W.3d at 368-72.

[51]  *Id.* at 371.

[52]  *Id.*; *see also Ervin*, 991 S.W.2d. at 816.

[53]  *Bigon*, 252 S.W.3d at 371.

[54]  Driving While Intoxicated.

[55]  *Id.* at 371-72.

Indecent exposure and indecency with a child by exposure are not in the same statutory section, although they do appear in the same chapter. Indecent exposure has a lower punishment range than indecency with a child by exposure that would be consistent with the former being a lesser-included offense of the latter.[56] The titles of the statutes contain forms of the same word—"indecent" and "indecency"—though the word is a noun in one title and an adjective in the other. These titles are not quite as closely worded as "manslaughter" and "intoxication manslaughter." There is some commonality in the focus of the indecent exposure and indecency-with-a-child offenses but there is a striking difference as well. Both offenses are "nature of conduct" offenses that involve the same *actus reus*: exposure. But while both offenses focus on "exposure," the indecency-with-a-child provision also focuses on a victim. The allowable units of prosecution for the offenses are different, with the allowable unit for indecent exposure being each exposure, and the allowable unit for indecency with a child by exposure being each child, each exposure. The offenses can be considered the same under a liberalized *Blockburger* analysis if the "who will be offended or alarmed" element of indecent exposure is imputed to the "child" element of indecency with a child by exposure. And indecent exposure is a lesser-included offense of indecency with a child by exposure under Article 37.09, but only to the extent that the defendant's culpable mental state embraces the same person as the recipient of the exposure.

An analysis under the *Ervin* factors suggests that the offenses of indecent exposure and indecency with a child by exposure should be treated as the same only to the extent that the defendant's culpable mental state relates to the same person as the recipient of the exposure. To the

---

[56] *See* TEX. PENAL CODE §§ 21.08(b) (Class B misdemeanor), 21.11(d) (third degree felony).

extent that a defendant's culpable mental state relates to different persons as the recipients of the exposure, the offenses should be treated as different.

## D. Conclusion

In the case before us, appellant allegedly exposed himself in a public park, where an adult and two children were present. Because appellant exposed himself in public, there were conceivably any number of persons to whom he could have been reckless in exposing himself, but there were (apparently) only two children that appellant could have knowingly exposed himself to. Under these circumstances, appellant's maximum criminal exposure was for three offenses: two indecency with a child offenses for the two children, and one indecent exposure offense because appellant was reckless with respect to the presence of at least one other person besides the children.

The court of appeals held that the successive prosecutions for indecency with a child were not barred by the Double Jeopardy Clause. I agree, and I would affirm the judgment of the court of appeals. I respectfully dissent.

Filed: October 13, 2010
Publish