IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1072-09






EX PARTE MANUEL AMADOR, Appellant






ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


IN CAUSE NO. 08-07-00331-CR FROM THE EIGHTH COURT OF APPEALS


EL PASO COUNTY





 Holcomb, J., delivered the opinion of the Court, in which Meyers,
Price, Johnson and Cochran, JJ. joined. Cochran, J., filed a
concurring opinion. Keller, P.J., filed a dissenting opinion, in which
Keasler and Hervey, JJ., joined. Womack, J., dissented.


O P I N I O N



 The question presented in this case is whether double jeopardy prohibits the State from
obtaining a conviction for an offense when the defendant has previously been convicted of a lesser-included offense of that offense. We hold that it does. We must also determine the continuing
validity of our holding in Briceno v. State, 580 S.W.2d 842 (Tex. Crim. App. 1979), that the offense
of indecent exposure (1) is a lesser-included offense of the offense of indecency with a child by
exposure. (2) Id. at 844. We reaffirm that holding.

Background

 On September 25, 2006, appellant Manuel Amador was charged with the misdemeanor
offense of indecent exposure. (3) The record shows the following facts. On September 22, 2006,
Gabriela Acosta and a woman named Baez went to Houston Park in El Paso, Texas. They were
accompanied by Baez's daughter, and Acosta's son and daughter. As the ladies approached the
playground portion of the park, they saw appellant standing near a tree, about fifty to sixty feet away
from them. They noticed that appellant's penis was out from the zipper of his pants, and that he was
rubbing it. They immediately took the children away from the playground area in order to prevent
them from seeing what appellant was doing. Acosta called the police. By the time they arrived,
appellant had put his penis back into his pants and was sitting on a nearby bench where the police
found and detained him. Appellant pled guilty, waived a jury trial, and was sentenced to 120 days
confinement in the El Paso County Jail.

 A few months later, on April 12, 2007, appellant was indicted for two counts of the third-degree felony offense of indecency with a child by exposure. (4) Appellant filed an application for a
pretrial writ of habeas corpus, arguing that indecent exposure is a lesser-included offense of
indecency with a child by exposure, and that double jeopardy therefore barred his prosecution for
the indecency-with-a-child charges because those charges were based on the same act on which his
2006 conviction for indecent exposure was based. The trial court conducted a hearing and signed
a written order denying relief on appellant's writ application.

 Appellant appealed the trial court's denial of relief on his writ application. His sole issue on
appeal was that indecent exposure is a lesser-included offense of indecency with a child by exposure,
and that the Double Jeopardy Clause of the United States Constitution barred his current prosecution
for indecency with a child by exposure because that prosecution was based on the same act on which
his 2006 prosecution and conviction for indecent exposure was based. The court of appeals
disagreed, and affirmed the trial court's judgment. Ex parte Amador, No. 08-07-00331-CR, 2009
Tex. App. LEXIS 2953 (Tex. App.-- El Paso, April 30, 2009) (not designated for publication). We
granted review solely to consider whether "the Double Jeopardy Clause of the United States
Constitution bars a subsequent prosecution for the offense of indecency with a child after a plea to
the lesser-included offense of indecent exposure."

I. Double Jeopardy: General Principles

 The Double Jeopardy Clause of the Fifth Amendment, applicable to all states through the
Fourteenth Amendment, protects an accused against (1) a second prosecution for the same offense
after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple
punishments for the same offense. Brown v. Ohio, 432 U.S. 161, 165 (1977); Evans v. State, 299
S.W.3d 138, 140-41 (Tex. Crim. App. 2009). The present case involves a second prosecution for
the same offense after conviction. In this context, "the Fifth Amendment forbids successive
prosecution and cumulative punishment for a greater and lesser included offense." 432 U.S. at 169. 
The "sequence" of such prosecution - i.e., whether the greater or the lesser offense is prosecuted first
- is irrelevant. Id. The State may seek a multiple-count indictment against a defendant based on
violations of different statutes arising from a single act; but, in the absence of a clear legislative
intent to the contrary, the defendant may be convicted and sentenced for only one offense under such
an indictment. Ball v. United States, 470 U.S. 856, 865 (1985).

II. Application to the Present Case

 Appellant argues that the court of appeals "erred in holding that Petitioner's conviction for
the lesser included offense of indecent exposure did not bar subsequent prosecution for indecency
with a child" because "[t]his Court has specifically held [in Briceno] that indecent exposure is a
lesser included offense of indecency with a child." App. PDR at 2. "Consequently," appellant
argues, his "conviction for indecent exposure arising out of the same set of circumstances bars his
prosecution for indecency with a child under the Double Jeopardy Clause of the United States
Constitution." Id.

 In reviewing this claim on appeal, the court of appeals acknowledged our holding in Briceno
that indecent exposure was a lesser-included offense of indecency with a child by exposure. 2009
Tex. App. LEXIS at *8. But it concluded that Briceno was inapplicable to the present case because
it did not "involv[e] a double jeopardy issue involving two separate charges." Id.

 In Briceno, appellant was convicted of indecency with a child by exposure. His sole
contention on direct appeal was that "the trial court erred in failing to instruct the jury on the lesser
included offense of indecent exposure." 580 S.W.2d at 843. Thus, the court of appeals is correct
that Briceno did not involve a double jeopardy issue. But that does not reduce the effect of our
express holding in that case that "the offense of indecent exposure . . . is a lesser included offense
of indecency with a child" by exposure. 580 S.W.2d at 844. The Supreme Court has clearly stated
that "the Fifth Amendment forbids successive prosecution and cumulative punishment for a greater
and lesser included offense." Brown, 432 U.S. at 169. Thus, it is the state's classification that one
offense is the lesser-included offense of another, and not the context in which such classification is
made, that is relevant to the double-jeopardy analysis in a given case. The court of appeals therefore
erred in failing to apply Briceno to the present case only because double jeopardy was not an issue
in Briceno itself. (5)

 The State admits that the "[g]reater-inclusive and lesser-included offenses are the 'same
offense' for double-jeopardy purposes." State's Br. at 6. It also admits that Briceno is the
established precedent in Texas for the proposition that indecent exposure is a lesser-included offense
of indecency with a child by exposure. Id. at 8. It "agrees with Briceno that the elements of both
offenses [indecent exposure and indecency with a child by exposure] are identical except for the
circumstances in which the exposure occurs." (6) Id. at 9. It argues, however, that "Briceno omitted
from its analysis an element of indecent exposure - that the person to whom the exposure is directed
be a person who would be offended or alarmed by the exposure." Id. According to the State,

 contrary to the holding in Briceno, the offense of indecent exposure requires more
than just proof that the defendant is reckless as to the presence of another person . .
. [It] requires proof that the defendant was reckless as to the presence of a person who
will be offended or alarmed by his (the defendant's) act, a fact that is not needed to
prove indecency with a child by exposure, which requires only the presence of a
child. Proof that a child is present is not necessarily proof of the presence of a person
who will be offended or alarmed by the defendant's exposure.


Id. at 10 (emphasis in original) (citations omitted). Based on this reasoning, the State asks us to
overrule Briceno or distinguish it from the present case. Id. at 9.

 We disagree. Ironically, the State itself argued a few years ago that "indecency with a child
by exposure is merely an aggravated version of indecent exposure." See Yanes v. State, 149 S.W.3d
708, 711 (Tex. App.-- Austin 2004, pet. ref'd). The State was correct in that instance. Indecency
with a child by exposure is simply an aggravated version of indecent exposure inasmuch as, while
the offense of indecent exposure requires the presence of a person who "will be offended or alarmed"
by the defendant's act, see Tex. Pen. Code § 21.08, the offense of indecency with a child by
exposure, by not having any such requirement, holds the defendant culpable even if the person (the
child) towards whom the exposure is directed is not "offended or alarmed" by the defendant's act. 
See Tex. Pen. Code § 21.11. The law in effect presumes that all children are or should be "offended
or alarmed" by such exposure. Thus, there is no need to require the State to show that a given child
was in fact "offended or alarmed" by a defendant's act of exposure. (7)

 Finally, we address some of the arguments raised by the dissent. The dissent "would hold
that two counts of indecency with a child by exposure can be based upon a single exposure if there
are two child victims." Dis. Op. at 1. But that is not the issue before us today. Neither party has
raised this argument at any stage in this case - in the courts below or before this Court - and we
granted review solely to consider the continuing validity of our holding in Briceno that indecent
exposure is a lesser-included offense of indecency with a child by exposure. See Court's op. at 1-2. 
The dissent "would also hold that an indecent-exposure charge can be based upon the same exposure
that gave rise to indecency-with-a-child counts so long as the defendant was reckless with respect
to the presence of at least one person other than the child victims." Dis. Op. at 1. As we noted
earlier, the Supreme Court allows the prosecution to seek a multiple-count indictment against a
defendant based on violations of different statutes arising from a single act, but the defendant may
be convicted and sentenced for only one offense under such an indictment. See Court's op. at 4
(citing Ball, 470 U.S. at 865). In other words, even though the State can charge the defendant with
the greater and a lesser-included offense, the defendant cannot be convicted of and sentenced for
both.

 Thus, the only question before us today is whether indecent exposure is in fact a lesser-included offense of indecency with a child by exposure. According to the dissent, it is not because
the statute for indecent exposure requires the presence of a person "who will be offended or
alarmed," while the statute for indecency with a child by exposure does not. But the concept of
offense or alarm is already incorporated in the term "indecency." (8) In fact, there would be no crime
if the defendant's act were not considered to be offensive or alarming by someone. In the case of
indecency with a child, however, it is the society that is "offended or alarmed" by the fact that its
children should be subjected to such exposure. The law therefore criminalizes such exposure in the
presence of a child whether or not the child itself might have been offended or alarmed in a given
case.

 The dissent also argues that the Briceno holding that "reckless" in indecent exposure is a less
culpable mental state of "knowing" in indecency with a child by exposure, is not applicable to the
present case. See Dis. op. at 15 ("But this holding with respect to lesser-included-offense jury
instructions, while highly relevant to a Double Jeopardy elements analysis, is not dispositive of the
Double Jeopardy claim before us."). According to the dissent, our concern here is "not only with
the elements of the statutory offenses, but also with units of prosecution." Id. In other words, the
number of victims in the present case makes all the difference. But our Penal Code does not provide
for such a distinction. Rather, for all offenses prescribing a culpable mental state, the Code simply
and clearly states that "[c]ulpable mental states are classified according to relative degrees, from
highest to lowest," with "knowing" ranking higher than "reckless" in the Code's measure of
culpability. See Tex. Pen. Code § 6.02.

Conclusion

 Double jeopardy prohibits the State from obtaining a conviction for an offense if the
defendant has previously been convicted of a lesser-included offense of that offense. Brown, 432
U.S. at 169. We reaffirm our holding in Briceno that indecent exposure is a lesser-included offense
of indecency with a child by exposure. See 580 S.W.2d at 844. The court of appeals therefore erred
in failing to apply that holding to the present case. We therefore reverse the judgment of the court
of appeals, and remand the case to the trial court for proceedings consistent with this opinion.


DELIVERED: OCTOBER 13, 2010

PUBLISH
1. Tex. Pen. Code § 21.08.
2. Tex. Pen. Code § 21.11 (a)(2)(A).
3. The information alleged that, on or about September 22, 2006, appellant,


 did then and there, with intent to arouse and gratify the sexual desire of the
Defendant, intentionally and knowingly expose his genitals, and the Defendant was
reckless about whether another was present who would be offended and alarmed by
his act in that Defendant was rubbing his genitals in a public park, and Gabriela
Acosta, was present and offended or alarmed by said act of exposure.


(Emphasis in original.)
4. Count One of the indictment alleged that, on or about September 22, 2006, appellant "did
then and there with the intent to arouse or gratify the sexual desire of the said Defendant,
intentionally and knowingly expose any part of Defendant's genitals to [G.T.], a child who was
then and there younger than 17 years of age and not defendant's spouse, knowing that said child was
present." (Emphasis in original.) Count Two alleged that appellant, on the same date, "did then and
there with the intent to arouse or gratify the sexual desire of the said Defendant, intentionally and
knowingly expose any part of Defendant's genitals to [K.T.], a child who was then and there
younger than 17 years of age and not defendant's spouse, knowing that said child was present." 
(Emphasis in original.)
5. The court of appeals also erred in considering the charging instruments of both the greater
and the lesser offenses in conducting its own lesser-included-offense analysis in the present case. 
See 2009 Tex. App. LEXIS at *8. As we explained in Hall v. State, 225 S.W.3d 524 (Tex. Crim.
App. 2007), we do not consider the charging instrument of the alleged lesser-included offense in
such analyses. Rather, we compare the statutory elements of the greater offense, as they have been
alleged in the charging instrument of that offense, with only the statutory elements of the lesser-included offense. Id. at 535-36. We have reaffirmed this approach in several decisions following
Hall. See, e.g., Ex Parte Watson, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009) (op. on reh'g)
("Both statutory elements and any descriptive averments alleged in the indictment for the greater-inclusive offense should be compared to the statutory elements of the lesser offense.").
6. In Briceno, we reasoned as follows:


 The elements of [indecent exposure and indecency with a child by exposure]
are identical except that indecency with a child requires the defendant to know that
a child is present, where indecent exposure requires that the defendant is reckless as
to the presence of another person. Proof of this higher degree of culpability,
knowing, is proof of the lower culpable mental state, reckless. V.T.C.A. Penal Code,
Sec. 6.02(3). Proof that a child is present necessarily would be proof of the presence
of a person. Thus, indecency with a child requires, in addition to proving all the
elements of indecent exposure, a showing of the higher culpable mental state and that
the person is a child.

 

 Article 37.09(1), V.A.C.C.P., provides that "An offense is a lesser included
offense if: it is established by proof of the same or less than all the facts required to
establish the commission of the offense charged." Thus, the offense of indecent
exposure under Sec. 21.08, supra, is a lesser included offense of indecency with a
child, Sec. 21.11, supra.


580 S.W.2d at 844 (emphasis in original).
7. The State raises a separate claim that "the cognate-pleadings test set forth in Hall is not, and
should not be, the proper test in determining whether a successive prosecution is barred by double
jeopardy." State's Br. at 19. It argues that "the proper test for a double-jeopardy claim in the context
of a successive prosecution is the same-elements test set forth in Blockburger [v. United States, 284
U.S. 299 (1932),] and expanded by this Court in Parrish [v. State, 869 S.W.2d 352 (Tex. Crim. App.
1994)], which compares the statutory elements and all of the additional non-statutory descriptive
averments in both [the] charging instruments" of the greater and the lesser-included offenses. Id.
at 30. But the court of appeals did not even mention Hall; and we granted review, in part, to
consider the continuing validity of Briceno, not Hall. We therefore decline to address the above
arguments by the State except to note that Hall is the prevailing state standard, superceding all other
tests before it, for conducting a lesser-included-offense analysis in any context. See Hall, 225
S.W.3d at 535.
8. See, e.g., Webster's New World College Dictionary 724 (4th ed. 2005) (defining
"indecent" as "morally offensive; obscene," and "indecency" simply as "the state or quality of being
indecent.") (emphasis added); Webster's Ninth New Collegiate Dictionary 612 (1983)
(defining "indecent" as "grossly unseemly or offensive to manners or morals," and "indecency" -
again - simply as "the quality or state of being indecent.") (emphasis added).