

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

### NO. AP-76,547

---

### EX PARTE JESSE CHADDOCK, Applicant

---

### ON APPLICATION FOR WRIT OF HABEAS CORPUS
### CAUSE NO. W04-01705-K(A) IN THE CRIMINAL DISTRICT COURT
### NO. 4 FROM DALLAS COUNTY

---

PRICE, J., announced the judgment of the Court and delivered an opinion in which KELLER, P.J., and MEYERS and JOHNSON, JJ., joined. KELLER, P.J., filed a concurring opinion. COCHRAN, J., filed a concurring opinion in which ALCALA, J., joined. KEASLER, J., filed a dissenting opinion in which HERVEY, J., joined. WOMACK, J., concurred in the result.

### O P I N I O N

This is a post-conviction application for writ of habeas corpus brought under Article 11.07 of the Texas Code of Criminal Procedure.[1] The applicant challenges his conviction for aggravated assault on the grounds that it was the product of a successive prosecution following a judgment of conviction for a greater-inclusive offense, in violation of the Double

---

[1] TEX. CODE CRIM. PROC. art. 11.07.

Jeopardy Clause of the Fifth Amendment to the United States Constitution.[2]

On December 10, 2004, in cause number F-0485746-K, the applicant was indicted for the offense of engaging in organized criminal activity. The indictment alleged that, on July 26, 2004, as a member of a criminal street gang, he committed aggravated assault "by intentionally, knowingly, and recklessly causing serious bodily injury to DAVID CUNNIFF by striking DAVID CUNNIFF to and against the floor . . . and by striking DAVID CUNNIFF with [his] hand[.]" Also on December 10, 2004, the applicant was indicted for aggravated assault, in cause number F-0401705-RE. This indictment also alleged that, on July 26, 2004, the applicant committed aggravated assault by "intentionally, knowingly, and recklessly causing serious bodily injury to DAVID CUNNIFF by striking DAVID CUNNIFF to and against the floor . . . and by striking DAVID CUNNIFF with [his] hand[.]" The only difference in the two indictments is that in cause number F-0485746-K, the applicant is alleged to have committed the assault "as a member of a criminal street gang."

On April 6, 2005, after a jury trial, the applicant was convicted in cause number F-0485746-K, the engaging-in-organized-criminal-activity offense and sentenced to nineteen years' imprisonment and a $10,000 fine. On May 26, 2005, he pled guilty and was convicted in cause number F-0401705-RE, the aggravated assault offense, and sentenced to ten years' confinement. The applicant now contends that his conviction for the aggravated assault

---

[2] U.S. Const. amend. V.

offense in cause number F-0401705-RE should be set aside because his prosecution for that offense, after he was convicted of the greater-inclusive offense in cause number F-0485746-K, violated the Fifth Amendment prohibition against being "subject for the same offence to be twice put in jeopardy of life or limb[.]"[3]  We agree.

The Double Jeopardy Clause, enforceable against the states through the Fourteenth Amendment,[4] protects against repeated prosecutions for the same offense (whether following conviction or acquittal at the conclusion of the first prosecution) and against multiple punishments for the same offense stemming from a single prosecution.[5]  Whether conduct that is alleged to violate two distinct statutory provisions can be punished or prosecuted more than once for double jeopardy purposes is ordinarily determined by application of the so-called *Blockburger* test: "whether each provision requires proof of a fact which the other does not."[6]  Lesser-included offenses typically do not pass muster under the *Blockburger* test because the elements of the lesser offense are wholly subsumed by the elements of the greater offense; a defendant ordinarily may not be punished or tried twice for a greater-

---

[3] *Id.*

[4] *Benton v. Maryland*, 395 U.S. 784, 793 (1969).

[5] *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969).

[6] *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

inclusive and a lesser-included offense without violating double jeopardy.[7]

Nevertheless, in *Missouri v. Hunter*,[8] the Supreme Court made clear that the protections against multiple punishments and successive prosecutions are not invariably co-extensive; at least "[w]ith respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended."[9] In *Hunter*, the Supreme Court tolerated multiple punishments imposed at the conclusion of a single prosecution for two infractions that were admittedly the "same offense" under the standard for "sameness" articulated in *Blockburger*,[10] holding that, "[w]here, as here, a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under *Blockburger*, . . . the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial."[11] We have often

---

[7] *See Brown v. Ohio*, 432 U.S. 161, 168 (1977) (applying *Blockburger* to hold that a "greater offense is . . . by definition the 'same' for purposes of double jeopardy as any lesser offense included in it").

[8] 459 U.S. 359 (1983).

[9] *Id*. at 366.

[10] 284 U.S. at 304.

[11] *Hunter*, *supra*, at 368-69.

recognized this difference in scope.[12]   Accordingly, in *Garza v. State*, we held that a

defendant who had been indicted both for engaging in organized criminal activity by

committing capital murder and also for the underlying capital murder itself could be punished

at the conclusion of a single prosecution for both offenses, notwithstanding that they

constituted the "same" offense in contemplation of *Blockburger*.[13]   We held that the

Legislature manifested its intention that an accused be *punished* for both offenses in Section

71.03(3) of the Penal Code.[14]   But we expressly reserved the question "whether this provision

may operate constitutionally to authorize multiple *prosecutions* for the same offense as

determined by a *Blockburger* analysis, since that question is not before us in this particular

case."[15]   Today we are squarely presented with the question.

The State concedes that, under our holding in *Garza*, the lesser-included aggravated

assault offense alleged in cause number F-0401705-RE must be considered the "same

---

[12]

   *Ex parte Amador*, 326 S.W.3d 202, 205 (Tex. Crim. App. 2010);  *Gonzales v. State*, 304 S.W.3d 838, 845 (Tex. Crim. App. 2010);  *Littrell v. State*, 271 S.W.3d 273, 275-76 & n.10 (Tex. Crim. App. 2008);  *Villanueva v. State*, 227 S.W.3d 744, 747 (Tex. Crim. App. 2007);  *Langs v. State*, 183 S.W.3d 680, 685 & n.15 (Tex. Crim. App. 2006);  *Ervin v. State*, 991 S.W.2d 804, 807 (Tex. Crim. App. 1999);  *Ex parte Kopecky*, 821 S.W.2d 957, 959 (Tex. Crim. App. 1992).

[13]

   213 S.W.3d 338, 351-52 (Tex. Crim. App. 2007).

[14]

   *Id*. at 352 (citing TEX. PENAL CODE § 71.03(3), which provides that "[i]t is no defense to prosecution under Section 71.02 [Engaging in Organized Criminal Activity] that . . . a person has been charged with, acquitted, or convicted of any offense listed in Subsection (a) of Section 71.02[.]").

[15]

   *Id*.

offense" as the greater-inclusive engaging-in-organized-criminal-activity offense for which the applicant was convicted by the jury in cause number F-0485746-K—at least as determined by the *Blockburger* sameness test.[16] And indeed, it is obvious that every element of the aggravated assault allegation in cause number F-0401705-RE is subsumed by the allegation of aggravated assault while a member of a criminal street gang in cause number F-0485746-K, just as the capital-murder allegation was subsumed by the organized-criminal-activity allegation in *Garza*. Nevertheless, the State argues that we should not conclude that there is a jeopardy bar to the applicant's successive prosecution. Instead, as in the multiple punishment context in *Garza*, we should go on to determine whether the Legislature intended to permit a defendant to be prosecuted successively for engaging in organized criminal activity and one of the predicate offenses to engaging in organized criminal activity. Because Section 71.03(3) of the Penal Code plainly manifests such an intention, the State concludes, we should hold that there is no double jeopardy bar, notwithstanding that the greater-inclusive and lesser-included offenses are the "same" under a *Blockburger* analysis. In essence, the State would have us extend *Hunter*'s legislative-intent approach in the multiple-punishments context to apply as well in the context of successive prosecutions. As authority for its position, the State relies upon language in the Supreme Court's 1993 opinion in *United*

---

[16] State's Brief at 12.

*States v. Dixon*.[17]

In *Dixon*, the Supreme Court overruled its own opinion of three terms previously in *Grady v. Corbin*.[18] *Grady* was a successive-prosecutions case.[19] Corbin acknowledged that he could not satisfy the *Blockburger* test for sameness of the offenses, and so was not entitled to jeopardy relief on that account.[20] Nevertheless, the *Grady* Court relied upon what it perceived to be the long-standing difference between the minimal jeopardy protection in the multiple-punishments context and the traditionally greater protection afforded by the Double Jeopardy Clause in the successive-prosecutions context to hold that a standard *more* protective than the *Blockburger* test must apply in the latter—the so-called "same conduct" standard.[21] Three terms later in *Dixon*, however, the Supreme Court reversed itself, rejecting *Grady*'s "same-conduct" standard and re-establishing the less-protective *Blockburger* test as the exclusive measure of sameness in the successive-prosecutions context. Along the way the Court observed:

> We have often noted that the [Double Jeopardy] Clause serves the function of

---

[17] 509 U.S. 688 (1993).

[18] 495 U.S. 508 (1990).

[19] *Id*. at 510.

[20] *Id*. at 522.

[21] *Id*. at 515-22.

> preventing both successive punishment and successive prosecution, but there is *no* authority, except *Grady*, for the proposition that it has different meanings in the two contexts. That is perhaps because it is embarrassing to assert that the single term "same offence" (the words of the Fifth Amendment at issue here) has two different meanings—that what *is* the same offense is yet *not* the same offense.[22]

From this language in *Dixon*, the State extrapolates the proposition that the double jeopardy protections are necessarily identical in the multiple-punishments and successive-prosecutions contexts. And because we have authoritatively held in *Garza* that multiple punishments were constitutionally tolerable, the State insists, we are constrained now to hold that successive prosecutions are also constitutionally allowed.

We disagree. Like *Grady*, *Dixon* is a successive-prosecutions case. While the Supreme Court in *Dixon* scaled back from the more protective "same conduct" approach to sameness for double jeopardy purposes in the successive-prosecutions context, it did not affirmatively adopt the *Hunter* primacy-of-legislative-intent approach. The various opinions in *Dixon* applied only the *Blockburger* standard, and did not go on to examine any independent indicia of legislative intent for purposes of determining "sameness." Indeed, based solely upon its *Blockburger* analysis, a plurality of the Court in *Dixon* concluded that there existed at least a partial jeopardy bar to successive prosecution, without pausing to inquire whether a legislative intent to permit successive prosecutions might independently be found elsewhere that would trump a *Blockburger* statutory construction presumption, as

---

[22] *Dixon*, *supra*, at 704 (citation omitted).

would have been the Court's modus operandi in the multiple-punishments context under *Hunter*.[23]   Disagreement among the various justices in *Dixon* centered on the proper understanding of the *Blockburger* standard itself, never touching on whether *Blockburger* serves only as a rule of statutory construction in the successive-prosecutions context, as *Hunter* held that it does in the multiple-punishments context.[24] Notwithstanding the language quoted from *Dixon* above, we do not read the case as adopting a constitutional test for "sameness" in the successive-prosecutions context that is any *less* protective than *Blockburger*.

Nor do we read the language of *Dixon* quoted above as any indication that we reached the wrong result in *Garza*.  Since *Dixon* was decided, the Supreme Court has unanimously recognized that, in the multiple-punishments context, *Hunter* abides.[25]  This is not to deny that *Blockburger* comprises the substantive constitutional test for "sameness" in *both* the multiple-punishments *and* the successive-prosecutions contexts—consistent with *Dixon*, we hold that it does.  But the Double Jeopardy Clause provides that no person shall "be twice

---

[23]   *Id*. at 700 (plurality opinion) ("Because Dixon's drug offense did not include any element not contained in his previous contempt offense, his subsequent prosecution violates the Double Jeopardy Clause.").

[24]   *See id*. at 735 (White, J., concurring) ("[A]dherence to legislative will has very little to do with the important interests advanced by double jeopardy safeguards against *successive* prosecutions.").

[25]   *Rutledge v. United States*, 517 U.S. 292, 303 (1996).

put in jeopardy" for the same offense, *not* "twice punished or prosecuted." The concept of "jeopardy" is sufficiently flexible to accommodate a prohibition against multiple punishments as well as successive prosecutions for the same offense.[26] But it is also flexible enough to accommodate *Hunter*'s holding that what constitutes impermissible multiple punishments deriving from a single prosecution is strictly a function of the legislative will.[27] After all, the prohibition against multiple punishments for the "same offence" does not lie at what the Supreme Court has characterized as the "core of the Clause's protections[.]"[28] Multiple punishments that result from a single prosecution do not subject a defendant to the evils attendant upon successive prosecutions, namely the "embarrassment, expense and ordeal" of repetitive trials, "compelling [the accused] to live in a continuing state of anxiety and insecurity,"[29] and creating "a risk of conviction through sheer governmental perseverance."[30]

---

[26] *Pearce*, *supra*.

[27] *Hunter*, *supra*, at 366-67.

[28] *Tibbs v. Florida*, 457 U.S. 31, 41 (1982).

[29] *Green v. United States*, 355 U.S. 184, 187-88

[30] *Tibbs*, *supra*. Indeed, at least one legal scholar has plausibly argued that any constitutional protection against multiple punishments in a single prosecution ought to be recognized as rooted, not in the Fifth Amendment's Double Jeopardy Clause at all, but in ordinary principles of due process—an accused should never be punished for a single instance of conduct under a greater number of penal provisions than the appropriate legislative body intended to authorize. *See* Anne

Elsewhere in *Dixon*, writing for a majority of the members of the Court, Justice Scalia held that, "[i]n both the multiple punishment and multiple prosecution contexts, this Court has concluded that where the two offenses for which the defendant is punished or tried cannot survive the [*Blockburger*] 'same-elements' test, the double jeopardy bar applies."[31] Even if this language may be construed as implicitly overruling *Hunter*—which we very much doubt the Supreme Court intended and which is, in any event, belied by its later opinion in *Rutledge*[32]—it hardly supports the proposition that legislative intent is the be-all and end-all of double jeopardy analysis, *Blockburger* notwithstanding, *even for purposes of successive prosecutions*. To the extent that Section 71.03(3) purports to authorize successive *prosecutions* for engaging in organized criminal activity and for the commission of one of the lesser-included predicate offenses listed in 71.02(a), we hold that it does indeed operate unconstitutionally.

The applicant is entitled to relief. The judgment in cause number F-0401705-RE is vacated and the indictment in that cause is dismissed with prejudice.

DELIVERED:     June 27, 2012
PUBLISH

---

Bowen Poulin, *Double Jeopardy and Multiple Punishment: Cutting the Gordian Knot*, 77 U. COLO. L. REV. 595 (Summer 2006).

[31] *Dixon*, *supra*, at 696.

[32] *See* note 25, *ante*.