IN THE COURT OF CRIMINAL APPEALS


OF TEXAS



 




NO. AP-76,547






EX PARTE JESSE CHADDOCK, Applicant






ON APPLICATION FOR WRIT OF HABEAS CORPUS


CAUSE NO. W04-01705-K(A) IN THE CRIMINAL DISTRICT COURT

NO. 4 FROM DALLAS COUNTY




 Price, J., announced the judgment of the Court and delivered an opinion in
which Keller, P.J., and Meyers and Johnson, JJ., joined. Keller, P.J., filed a
concurring opinion. Cochran, J., filed a concurring opinion in which Alcala, J.,
joined. Keasler, J., filed a dissenting opinion in which Hervey, J., joined. Womack,
J., concurred in the result.


O P I N I O N



 This is a post-conviction application for writ of habeas corpus brought under Article
11.07 of the Texas Code of Criminal Procedure. (1) The applicant challenges his conviction
for aggravated assault on the grounds that it was the product of a successive prosecution
following a judgment of conviction for a greater-inclusive offense, in violation of the Double
Jeopardy Clause of the Fifth Amendment to the United States Constitution. (2)

 On December 10, 2004, in cause number F-0485746-K, the applicant was indicted for
the offense of engaging in organized criminal activity. The indictment alleged that, on July
26, 2004, as a member of a criminal street gang, he committed aggravated assault "by
intentionally, knowingly, and recklessly causing serious bodily injury to DAVID CUNNIFF
by striking DAVID CUNNIFF to and against the floor . . . and by striking DAVID CUNNIFF
with [his] hand[.]" Also on December 10, 2004, the applicant was indicted for aggravated
assault, in cause number F-0401705-RE. This indictment also alleged that, on July 26, 2004,
the applicant committed aggravated assault by "intentionally, knowingly, and recklessly
causing serious bodily injury to DAVID CUNNIFF by striking DAVID CUNNIFF to and
against the floor . . . and by striking DAVID CUNNIFF with [his] hand[.]" The only
difference in the two indictments is that in cause number F-0485746-K, the applicant is
alleged to have committed the assault "as a member of a criminal street gang."

 On April 6, 2005, after a jury trial, the applicant was convicted in cause number F-0485746-K, the engaging-in-organized-criminal-activity offense and sentenced to nineteen
years' imprisonment and a $10,000 fine. On May 26, 2005, he pled guilty and was convicted
in cause number F-0401705-RE, the aggravated assault offense, and sentenced to ten years'
confinement. The applicant now contends that his conviction for the aggravated assault
offense in cause number F-0401705-RE should be set aside because his prosecution for that
offense, after he was convicted of the greater-inclusive offense in cause number F-0485746-K, violated the Fifth Amendment prohibition against being "subject for the same offence to
be twice put in jeopardy of life or limb[.]" (3) We agree.

 The Double Jeopardy Clause, enforceable against the states through the Fourteenth
Amendment, (4) protects against repeated prosecutions for the same offense (whether following
conviction or acquittal at the conclusion of the first prosecution) and against multiple
punishments for the same offense stemming from a single prosecution. (5) Whether conduct
that is alleged to violate two distinct statutory provisions can be punished or prosecuted more
than once for double jeopardy purposes is ordinarily determined by application of the so-called Blockburger test: "whether each provision requires proof of a fact which the other
does not." (6) Lesser-included offenses typically do not pass muster under the Blockburger test
because the elements of the lesser offense are wholly subsumed by the elements of the
greater offense; a defendant ordinarily may not be punished or tried twice for a greater-inclusive and a lesser-included offense without violating double jeopardy. (7)

 Nevertheless, in Missouri v. Hunter, (8) the Supreme Court made clear that the
protections against multiple punishments and successive prosecutions are not invariably co-extensive; at least "[w]ith respect to cumulative sentences imposed in a single trial, the
Double Jeopardy Clause does no more than prevent the sentencing court from prescribing
greater punishment than the legislature intended." (9) In Hunter, the Supreme Court tolerated
multiple punishments imposed at the conclusion of a single prosecution for two infractions
that were admittedly the "same offense" under the standard for "sameness" articulated in
Blockburger, (10) holding that, "[w]here, as here, a legislature specifically authorizes
cumulative punishment under two statutes, regardless of whether those two statutes proscribe
the 'same' conduct under Blockburger, . . . the prosecutor may seek and the trial court or jury
may impose cumulative punishment under such statutes in a single trial." (11) We have often
recognized this difference in scope. (12) Accordingly, in Garza v. State, we held that a
defendant who had been indicted both for engaging in organized criminal activity by
committing capital murder and also for the underlying capital murder itself could be punished
at the conclusion of a single prosecution for both offenses, notwithstanding that they
constituted the "same" offense in contemplation of Blockburger. (13) We held that the
Legislature manifested its intention that an accused be punished for both offenses in Section
71.03(3) of the Penal Code. (14) But we expressly reserved the question "whether this provision
may operate constitutionally to authorize multiple prosecutions for the same offense as
determined by a Blockburger analysis, since that question is not before us in this particular
case." (15) Today we are squarely presented with the question.

 The State concedes that, under our holding in Garza, the lesser-included aggravated
assault offense alleged in cause number F-0401705-RE must be considered the "same
offense" as the greater-inclusive engaging-in-organized-criminal-activity offense for which
the applicant was convicted by the jury in cause number F-0485746-K--at least as
determined by the Blockburger sameness test. (16) And indeed, it is obvious that every element
of the aggravated assault allegation in cause number F-0401705-RE is subsumed by the
allegation of aggravated assault while a member of a criminal street gang in cause number
F-0485746-K, just as the capital-murder allegation was subsumed by the organized-criminal-activity allegation in Garza. Nevertheless, the State argues that we should not conclude that
there is a jeopardy bar to the applicant's successive prosecution. Instead, as in the multiple
punishment context in Garza, we should go on to determine whether the Legislature intended
to permit a defendant to be prosecuted successively for engaging in organized criminal
activity and one of the predicate offenses to engaging in organized criminal activity. Because
Section 71.03(3) of the Penal Code plainly manifests such an intention, the State concludes,
we should hold that there is no double jeopardy bar, notwithstanding that the greater-inclusive and lesser-included offenses are the "same" under a Blockburger analysis. In
essence, the State would have us extend Hunter's legislative-intent approach in the multiple-punishments context to apply as well in the context of successive prosecutions. As authority
for its position, the State relies upon language in the Supreme Court's 1993 opinion in United
States v. Dixon. (17)

 In Dixon, the Supreme Court overruled its own opinion of three terms previously in
Grady v. Corbin. (18) Grady was a successive-prosecutions case. (19) Corbin acknowledged that
he could not satisfy the Blockburger test for sameness of the offenses, and so was not entitled
to jeopardy relief on that account. (20) Nevertheless, the Grady Court relied upon what it
perceived to be the long-standing difference between the minimal jeopardy protection in the
multiple-punishments context and the traditionally greater protection afforded by the Double
Jeopardy Clause in the successive-prosecutions context to hold that a standard more
protective than the Blockburger test must apply in the latter--the so-called "same conduct"
standard. (21) Three terms later in Dixon, however, the Supreme Court reversed itself, rejecting
Grady's "same-conduct" standard and re-establishing the less-protective Blockburger test
as the exclusive measure of sameness in the successive-prosecutions context. Along the way
the Court observed:

 We have often noted that the [Double Jeopardy] Clause serves the function of
preventing both successive punishment and successive prosecution, but there
is no authority, except Grady, for the proposition that it has different meanings
in the two contexts. That is perhaps because it is embarrassing to assert that
the single term "same offence" (the words of the Fifth Amendment at issue
here) has two different meanings--that what is the same offense is yet not the
same offense. (22)


From this language in Dixon, the State extrapolates the proposition that the double jeopardy
protections are necessarily identical in the multiple-punishments and successive-prosecutions
contexts. And because we have authoritatively held in Garza that multiple punishments were
constitutionally tolerable, the State insists, we are constrained now to hold that successive
prosecutions are also constitutionally allowed.

 We disagree. Like Grady, Dixon is a successive-prosecutions case. While the
Supreme Court in Dixon scaled back from the more protective "same conduct" approach to
sameness for double jeopardy purposes in the successive-prosecutions context, it did not
affirmatively adopt the Hunter primacy-of-legislative-intent approach. The various opinions
in Dixon applied only the Blockburger standard, and did not go on to examine any
independent indicia of legislative intent for purposes of determining "sameness." Indeed,
based solely upon its Blockburger analysis, a plurality of the Court in Dixon concluded that
there existed at least a partial jeopardy bar to successive prosecution, without pausing to
inquire whether a legislative intent to permit successive prosecutions might independently
be found elsewhere that would trump a Blockburger statutory construction presumption, as
would have been the Court's modus operandi in the multiple-punishments context under
Hunter. (23) Disagreement among the various justices in Dixon centered on the proper
understanding of the Blockburger standard itself, never touching on whether Blockburger
serves only as a rule of statutory construction in the successive-prosecutions context, as
Hunter held that it does in the multiple-punishments context. (24) Notwithstanding the language
quoted from Dixon above, we do not read the case as adopting a constitutional test for
"sameness" in the successive-prosecutions context that is any less protective than
Blockburger.

 Nor do we read the language of Dixon quoted above as any indication that we reached
the wrong result in Garza. Since Dixon was decided, the Supreme Court has unanimously
recognized that, in the multiple-punishments context, Hunter abides. (25) This is not to deny
that Blockburger comprises the substantive constitutional test for "sameness" in both the
multiple-punishments and the successive-prosecutions contexts--consistent with Dixon, we
hold that it does. But the Double Jeopardy Clause provides that no person shall "be twice
put in jeopardy" for the same offense, not "twice punished or prosecuted." The concept of
"jeopardy" is sufficiently flexible to accommodate a prohibition against multiple
punishments as well as successive prosecutions for the same offense. (26) But it is also flexible
enough to accommodate Hunter's holding that what constitutes impermissible multiple
punishments deriving from a single prosecution is strictly a function of the legislative will. (27) 
After all, the prohibition against multiple punishments for the "same offence" does not lie
at what the Supreme Court has characterized as the "core of the Clause's protections[.]" (28)
Multiple punishments that result from a single prosecution do not subject a defendant to the
evils attendant upon successive prosecutions, namely the "embarrassment, expense and
ordeal" of repetitive trials, "compelling [the accused] to live in a continuing state of anxiety
and insecurity," (29) and creating "a risk of conviction through sheer governmental
perseverance." (30)

 Elsewhere in Dixon, writing for a majority of the members of the Court, Justice Scalia
held that, "[i]n both the multiple punishment and multiple prosecution contexts, this Court
has concluded that where the two offenses for which the defendant is punished or tried
cannot survive the [Blockburger] 'same-elements' test, the double jeopardy bar applies." (31) 
Even if this language may be construed as implicitly overruling Hunter--which we very
much doubt the Supreme Court intended and which is, in any event, belied by its later
opinion in Rutledge (32)--it hardly supports the proposition that legislative intent is the be-all
and end-all of double jeopardy analysis, Blockburger notwithstanding, even for purposes of
successive prosecutions. To the extent that Section 71.03(3) purports to authorize successive
prosecutions for engaging in organized criminal activity and for the commission of one of
the lesser-included predicate offenses listed in 71.02(a), we hold that it does indeed operate
unconstitutionally.

 The applicant is entitled to relief. The judgment in cause number F-0401705-RE is
vacated and the indictment in that cause is dismissed with prejudice.

DELIVERED: June 27, 2012

PUBLISH
1. Tex. Code Crim. Proc. art. 11.07.
2. U.S. Const. amend. V.
3. Id.
4. Benton v. Maryland, 395 U.S. 784, 793 (1969).
5. North Carolina v. Pearce, 395 U.S. 711, 717 (1969).
6. Blockburger v. United States, 284 U.S. 299, 304 (1932).
7. See Brown v. Ohio, 432 U.S. 161, 168 (1977) (applying Blockburger to hold that a "greater
offense is . . . by definition the 'same' for purposes of double jeopardy as any lesser offense included
in it").
8. 459 U.S. 359 (1983).
9. Id. at 366.
10. 284 U.S. at 304.
11. Hunter, supra, at 368-69.
12. Ex parte Amador, 326 S.W.3d 202, 205 (Tex. Crim. App. 2010); Gonzales v. State, 304
S.W.3d 838, 845 (Tex. Crim. App. 2010); Littrell v. State, 271 S.W.3d 273, 275-76 & n.10 (Tex.
Crim. App. 2008); Villanueva v. State, 227 S.W.3d 744, 747 (Tex. Crim. App. 2007); Langs v.
State, 183 S.W.3d 680, 685 & n.15 (Tex. Crim. App. 2006); Ervin v. State, 991 S.W.2d 804, 807
(Tex. Crim. App. 1999); Ex parte Kopecky, 821 S.W.2d 957, 959 (Tex. Crim. App. 1992).
13. 213 S.W.3d 338, 351-52 (Tex. Crim. App. 2007).
14. Id. at 352 (citing Tex. Penal Code § 71.03(3), which provides that "[i]t is no defense to
prosecution under Section 71.02 [Engaging in Organized Criminal Activity] that . . . a person has
been charged with, acquitted, or convicted of any offense listed in Subsection (a) of Section
71.02[.]").
15. Id.
16. State's Brief at 12.
17. 509 U.S. 688 (1993).
18. 495 U.S. 508 (1990).
19. Id. at 510.
20. Id. at 522.
21. Id. at 515-22.
22. Dixon, supra, at 704 (citation omitted).
23. Id. at 700 (plurality opinion) ("Because Dixon's drug offense did not include any element
not contained in his previous contempt offense, his subsequent prosecution violates the Double
Jeopardy Clause.").
24. See id. at 735 (White, J., concurring) ("[A]dherence to legislative will has very little to do
with the important interests advanced by double jeopardy safeguards against successive
prosecutions.").
25. Rutledge v. United States, 517 U.S. 292, 303 (1996).
26. Pearce, supra.
27. Hunter, supra, at 366-67.
28. Tibbs v. Florida, 457 U.S. 31, 41 (1982).
29. Green v. United States, 355 U.S. 184, 187-88
30. Tibbs, supra. Indeed, at least one legal scholar has plausibly argued that any constitutional
protection against multiple punishments in a single prosecution ought to be recognized as rooted,
not in the Fifth Amendment's Double Jeopardy Clause at all, but in ordinary principles of due
process--an accused should never be punished for a single instance of conduct under a greater
number of penal provisions than the appropriate legislative body intended to authorize. See Anne
Bowen Poulin, Double Jeopardy and Multiple Punishment: Cutting the Gordian Knot, 77 U. Colo.
L. Rev. 595 (Summer 2006).
31. Dixon, supra, at 696. 
32. See note 25, ante.